gence on his part, constitutes reversible error.

The motion for rehearing is granted and the judgment is now reversed and the cause remanded.

## MASSIE v. STATE.
### No. 24169.

Court of Criminal Appeals of Texas.
Nov. 24, 1948.

No appearance for appellant.
Ernest S. Goens, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was indicted for robbery by assault. He waived a jury, asking permission to be tried before the court. The county attorney in writing gave his permission thereto, and all of the procedure required by statute appears to have been complied with, after which the appellant entered his plea of guilty before the court. Judgment was entered, finding him guilty and assessing his punishment at confinement in the penitentiary for five years.

The record is before this court without bills of exception or statement of facts. In such condition nothing is presented for review.

## W. B. CLARK, Appellant, v. STATE of Texas, Appellee.
### No. 24285.

Court of Criminal Appeals of Texas.
Dec. 1, 1948.

No appearance for appellant.
Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The offense is theft of cattle. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant has filed a motion duly verified by him in which he requests this court to dismiss his appeal.

The motion is granted and the appeal is accordingly dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.